Dear Mr. Montgomery:
This office is in receipt of your recent opinion request in which you present the following questions:
1. Are soil and water conservation districts state agencies?
 2. If the districts are state agencies who would provide them with legal representation in civil actions as defined in Code of Civil Procedure Art. 421?
 3. If the districts are not state agencies then would the district attorneys be required to provide legal representation?
 4. If the districts are not eligible for legal representation from either the state or the district attorneys then what procedure would they have to follow to retain legal representation or insurance coverage?
With respect to your first question LSA-R.S. 3:1202(1) defines a soil and water conservation district as:
 "a governmental subdivision of the State, a public body corporate and politic, organized in accordance with the provisions of the Part, for the purposes, with the powers, and subject to the restrictions set forth in the Part."
Additionally, LSA-R.S. 3:1208 provides:
 A soil and water conservation district organized under the provisions of this Part shall constitute a governmental subdivision of this State . . .
The legislature has granted soil and water conservation districts certain general authority for the purpose of flood prevention, erosion control, and conservation of soil and water. As such, we believe soil and water districts are "special districts" as provided in Article VI, Section 19 of the Louisiana Constitution. This section establishes the legislature's powers in creating special districts and defining their powers:
 Section 19. Subject to and not inconsistent with this constitution, the legislature by general law or by local or by special law may create or authorize the creation of special districts, boards, agencies, commissions, and authorities of every type, define their powers, and grant to the special districts, boards, agencies, commissions, and authorities so created such rights, powers, and authorities as it deems proper, including, but not limited to, the power of taxation and the power to incur debt and issue bonds.
Article VI, Section 19 was discussed at length in Board ofDirectors of the Louisiana Recovery District vs. All Tax Payers,Property Owners and Citizens of the State of Louisiana, et al,529 So.2d, 384 (La. 1988), wherein the Supreme Court found that one of the main objectives of Article VI was to remove from the Constitution "the great mass of material on the subject of special districts and leave to the legislature the responsibility for providing for special districts by statutory law."529 So.2d at 388. Specifically with regard to Article VI, Section 19, the Court found that the legislature held "preliminary authority to create any type of special district and to confer upon it any power that the legislature deems proper." Id. at 389. Finally, the Court found that Section 19 was to be interpreted broadly and was "not intended to restrict the prerogative of the legislature in any way with regard to the . . . function of a special district." Id.
Pursuant to Article VI, Section 44(2), special districts are defined as "political subdivisions." It is the opinion of this office that soil and water conservation districts are political subdivisions of the state.
We therefore need not address your second question, except to point out that Article IV, § 8 of the Louisiana Constitutional provides that the Attorney General has the authority to "institute, prosecute, or intervene in any civil action or proceeding."
Your third question asks whether the district attorney of the parish in which the soil and water district is located is required to provide legal representation. LSA-R.S. 16:2 provides, in pertinent part:
 The district attorneys of the several districts of Louisiana, other than the Parish of Orleans, shall ex officio be the regular attorneys and counsel for the police juries, parish school boards, and city school boards within their respective districts and of every state board and commission domiciled therein, including . . . all state boards and commissions the member of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority . . . .
Similarly, R.S. 42:261 provides that the district attorney shall, without extra compensation, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part are elected by the people or appointed by the governor or other prescribed authority.
We do not believe soil and water conservation districts fall within the offices listed in R.S. 16:2 or R.S. 42:261. Therefore, it is the opinion of this office that the district attorneys are not required to provide legal representation to soil and water conservation districts located within their respective parishes.
Finally, your last question asks what procedure soil and water conservation districts must follow to retain legal representation or insurance coverage. La. R.S. 42:263(A) provides the procedure for a board to hire legal counsel, and states:
 No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
It is the opinion of this office that soil and water conservation districts may employ a special attorney or counsel as its legal representative pursuant to the procedure stated in R.S. 42:263(A).
With regard to insurance, La. R.S. 33:1342 et seq. provides for self insurance programs by local governmental subdivisions. Soil and water conservation districts may contact their local parish or municipal governing body to determine whether it participates in such an insurance program and whether the district is eligible. Otherwise, the districts should acquire insurance through a commercial carrier.
We trust that the foregoing has been helpful. Should you have any further question please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ FREDERICK C. WHITROCK Assistant Attorney General